

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 1 8 2013

CLERK, U.S. DISTRICT COURT
By_____
              Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KAMRAN J. ROSS,                    §
                                   §
          Plaintiff,               §
                                   §
VS.                                §    NO. 4:13-CV-573-A
                                   §
UNITED STATES OF AMERICA,          §
ET AL.,                            §
                                   §
          Defendants.              §

MEMORANDUM OPINION
and
ORDER

Plaintiff, Kamran J. Ross, proceeding pro se and in forma pauperis, brought this action against United States of America, R. Tamez ("Tamez"), M. Pearce ("Pearce"), S. Fick ("Fick"), R. Ramos ("Ramos"), J. Riley ("Riley"), J. Bengford ("Bengford"), M. Guttierrez ("Guttierrez"), K. Goldsby ("Goldsby"), and R. Lovings ("Lovings"). Each of the individual defendants is sued in his or her individual capacity. Plaintiff asserted claims against the individual defendants pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971); against United States, plaintiff brought a claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680.

I.

## Initial Screening of Plaintiff's Claims

Because plaintiff is proceeding in forma pauperis, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2)(B).  Section 1915(e)(2)(B) provides for sua sponte dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted.  A claim is frivolous if it "lacks an arguable basis in either fact or law." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal quotation marks and citations omitted).

II.

## Plaintiff's Complaint

Plaintiff was previously incarcerated in the Houston Unit at FCI-Fort Worth.[1]  The complaint alleges that over the years the Bureau of Prisons made various alterations to the prison facilities that resulted in an increased number of prisoners in

---

[1]The complaint alleges that plaintiff was released to a halfway house in Houston, Texas, in January 2013.

plaintiff's unit.  The sum of the allegations in the complaint is
that the prison was overcrowded and, as a result, excessively
noisy.  Because of the noise, plaintiff was often unable to get a
full night's sleep.  Plaintiff contends that Bureau of Prisons
officials turned a deaf ear to his complaints about the noise,
his inability to get eight hours' sleep, and the resulting
effects on his health.  Plaintiff claims that the overcrowding
and excess noise amounted to cruel and unusual punishment and
that the individual defendants acted with deliberate
indifference.  Plaintiff also claims that United States, "as a
result of the negligent, reckless, wanton and intentional
conduct" of the individual defendants, denied him safe and
healthy conditions of confinement.  Compl. at 19.

Having now considered all of the allegations in the
complaint, the court concludes that plaintiff has failed to state
a claim upon which relief may be granted as to any defendant, and
that all of plaintiff's claims and causes of action should be
dismissed.

III.

Analysis

A.   Bivens Claims

"The Constitution does not mandate comfortable prisons . . .
but neither does it permit inhumane ones, and it is now settled

3

that the treatment a prisoner receives in prison and the
conditions under which he is confined are subject to scrutiny
under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825,
832 (1994) (internal citations omitted).  The Eighth Amendment's
prohibition against cruel and unusual punishment thus applies to
conditions of confinement; however, "[t]o the extent that such
conditions are restrictive and even harsh, they are part of the
penalty that criminal offenders pay for their offenses against
society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

Two requirements must be met in order for plaintiff to
allege a constitutional violation related to the conditions of
confinement:  the condition must objectively be "so serious as to
deprive prisoners of the minimal civilized measure of life's
necessities, as when it denies the prisoner some basic human
need," and the court must subjectively determine whether prison
officials were "deliberately indifferent to inmate health or
safety." Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995) (per
curiam) (internal citations and quotation marks omitted).  The
allegations in the complaint fail to satisfy either the
subjective or objective requirement.

Plaintiff has failed to allege a condition that was so
serious it deprived him of any of life's basic necessities.  As
to his claim of overcrowding, lack of space alone does not

4

constitute cruel and unusual punishment. Ruiz v. Estelle, 666 F.2d 854, 858 (5th Cir. 1982); Johnson v. Tex. Bd. of Criminal Justice, 281 F. App'x 319, 320 (5th Cir. 2008) (per curiam). Claims pertaining to overcrowding must be viewed in relation to other conditions of confinement, including "sanitation, provision of security, protection against prisoner violence, and time and facilities available for work and exercise." Ruiz, 666 F.2d at 858. Although plaintiff discusses the ratio of toilets to prisoners, he does not allege that he was ever deprived of the use of a toilet or shower, nor does he allege anything pertaining to security, protection against prisoner violence, or the facilities available for him to work or exercise.

Under similar circumstances, the Fifth Circuit affirmed the dismissal of a prisoner's Bivens and FTCA claims pertaining to overcrowding where the prisoner failed to allege that he had been injured, denied or delayed medical care, or suffered other serious harm to his health and safety as a result of the overcrowding. Lineberry v. United States, 436 F. App'x 293, 295 (5th Cir. 2010) (per curiam). Likewise, the overcrowding alleged by plaintiff does not rise to the level of a constitutional violation. Id.; see also Johnson, 281 F. App'x at 321.

Plaintiff's claim regarding excess noise fares no better. Sleep is a basic human need, and conditions intended to deprive

5

prisoners of sleep may violate the Eighth Amendment.  Harper v.
Showers, 174 F.3d 716, 720 (5th Cir. 1999).  Although plaintiff
claims the excess noise prevented him from getting a full night's
sleep, he alleged nothing to show "the existence of noise
intentionally designed to deprive him of sleep" or sufficient to
state a constitutional violation.  Johnson, 281 F. App'x at 322.

Instead, the excessive noise complained of by plaintiff
appears to be of the type generally associated with the fact of
incarceration:  "[m]echanical noise such as . . . exhaust fans,
ice machines, heating and air conditioning systems;" prisoners
"talking loudly, shouting, trash-talking, complaining and
protesting, ear-piercing cheering for their sports teams and loud
clapping and laughter;" the "crack from a table top when a card
or a domino is slammed down," while on-lookers "shout[ed] out
curse-laced commentary;" and similar types of noise.  Compl. at
10.  Nowhere does plaintiff allege that prison officials arranged
for excessive noise for the purpose of depriving him of sleep.
Plaintiff has failed to allege that the excessive noise rose to
the level of a constitutional violation.  Johnson, 281 F. App'x
at 322; Lunsford v. Bennett, 17 F.3d 1574, 1580 (7th Cir. 1994)
(allegations of loud noise in prison failed to state a
constitutional violation);  Lacy v. Collins, No. 95-20033, 1995
WL 535114, at *4 (5th Cir. Aug. 8, 1995) (per curiam) (same).

As an additional basis for the dismissal of all claims against the individual defendants, plaintiffs suing government officials in their individual capacities must allege the specific conduct of that official that gives rise to a constitutional violation.   Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).   Yet very few allegations in the complaint identify actions by any of the individual defendants.   The few that do fail to allege any actionable conduct that would give rise to a clam under Bivens.   For example, plaintiff claims that Gutierrez, Goldsby, and Lovings gave preferential treatment to certain prisoners, "always minorities," Compl. at 16, by assigning them a living area with a door.   However, he fails to offer any specific examples where this purportedly occurred, and prisoners have no constitutional right to be housed in one type of room or another within a prison facility.

Finally, the court notes that several pages of the complaint are devoted to a description of jail standards purportedly set by the American Correctional Association ("ACA") or by state or national building codes.   To the extent plaintiff attempts to base any claim on alleged violations of these standards, he has failed to state a claim for relief.   ACA standards "do not establish constitutional minima," but rather provide factors a court may consider in evaluating the conditions of confinement.

7

Patchette v. Nix, 952 F.2d 158, 163 (8th Cir. 1991). Similarly, noncompliance with state or national building codes does not rise to the level of a constitutional violation.

B.    FTCA Claim

The FTCA provides a limited waiver of the sovereign immunity of the United States for torts committed by federal employees acting within the scope of their employment. 28 U.S.C. § 1346 (b); Berkovitz by Berkovitz v. United States, 486 U.S. 531, 535 (1988). The FTCA authorizes civil actions for damages against the United States for personal injury or death caused by a government employee's negligence when a private individual under the same circumstances would be liable under the substantive law of the state in which the negligence occurred. 28 U.S.C. §§ 1346(b), 2674; Hollis v. United States, 323 F.3d 330, 334 (5th Cir. 2003).

Although the FTCA is generally a waiver of United States's sovereign immunity, the statute also carves out certain exceptions. Relevant here is an exception for claims based on the "exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Exceptions to the FTCA waiver of immunity must be strictly construed in

8

favor of United States.   Truman v. United States, 26 F.3d 592,
594 (5th Cir. 1994).

     Courts apply a two-part test to determine whether the
discretionary function exception applies to a given case, bearing
in mind that "it is the nature of the conduct, rather than the
status of the actor, that governs whether the discretionary
function exception applies in a given case."  Berkovitz by
Berkovitz, 486 U.S. at 536 (citation omitted).  First, the court
must determine "whether the action is a matter of choice for the
acting employee," meaning it must involve an element of "judgment
or choice."  Id.  The discretionary function exception does not
apply when a "federal statute, regulation, or policy specifically
prescribes" a course of action for the employee to follow.
United States v. Gaubert, 499 U.S. 315, 322 (1991) (emphasis
added) (citing Berkovitz by Berkovitz, 486 U.S. at 536).  Second,
the court must decide if the judgment involved is "of the kind
that the discretionary function exception was designed to
shield."  Id. at 322-23.

     Here, plaintiff's claims against United States are grounded
on the alleged overcrowding and excessive noise.  Although not
expressly stated in the complaint, such allegations are
tantamount to a breach of the duty imposed on the Bureau of
Prisons by 18 U.S.C. § 4042(a)(2) to "provide suitable quarters

and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States."  Similarly, 18 U.S.C. § 3621(b) vests in the Bureau of Prisons discretion in the designation, classification, and placement of prisoners.

Courts have held that § 4042 imposes a general duty to house and care for prisoners, but does not mandate a specific manner in which to carry out that duty.  <u>See, e.g.</u>,. <u>Cohen v. United States</u>, 151 F.3d 1338, 1342 (11th Cir. 1998); <u>Calderon v. United States</u>, 123 F.3d 947, 950 (7th Cir. 1997).  Thus, FTCA complaints of overcrowding, understaffing, and similar issues pertaining to a prisoner's living quarters are routinely found to be excluded from the FTCA by the discretionary function exception.  <u>See</u>, <u>e.g.</u>, <u>Cohen</u>, 151 F.3d at 1343 (decisions as to placement and classification of prisoners within prison facility within discretionary function); <u>Antonelli v. Crow</u>, No. 08-261-GFVT, 2012 WL 4215024, at *3 (E.D. Ky. Sept. 19, 2012) (dismissing FTCA claims alleging, <u>inter alia</u>, overcrowding); <u>Lineberry v. United States</u>, No. 3:08-CV-0597-G, 2009 WL 763052 at * 6 (Mar. 23, 2009), <u>adopting recommendation</u>, No. 3:08-CV-0597-G, 2008 WL 2246955 (N.D. Tex. May 30, 2008) (FTCA complaint of overcrowding barred by discretionary function exception); <u>Jones v. United States</u>, No. 09-00976, 2011 WL 2117603, at *5 (W.D. La. May 4,

10

2011) (same).  The same result is warranted here:  plaintiff's allegations concerning overcrowding and the resulting noise implicate the Bureau of Prisons's responsibilities under § 4202(a)(2), and such duties fall within the discretionary function exception to the FTCA.

* * * *

To sum up, plaintiff has failed to allege anything as would state a claim for relief against any defendant.

IV.

Order

Therefore,

The court ORDERS that all claims and causes of action brought by plaintiff, Kamron Ross, against defendants, United States of America, Tamez, Pearce, Fick, Ramos, Riley, Bengford, Guttierez, Goldsby, and Lovings, be, and are hereby, dismissed pursuant to the authority of 28 U.S.C. § 1915e(2)(B).

SIGNED September 18, 2013.

JOHN McBRYDE
United States District Judge